1  KRISTINE L. MOLLENKOPF (SBN # 185914)
   kristine.mollenkopf@lincolnca.gov
2  City Attorney
3  City of Lincoln, City Attorney's Office
   600 Sixth Street
4  Lincoln, CA  95648
5  Tel: (916) 434-2428

6  William D. Brown (SBN # 125468)
7  bbrown@brownandwinters.com
   Jeffrey T. Orrell (SBN # 237581)
8  jorrell@brownandwinters.com
9  Brown & Winters
10 120 Birmingham Drive
   Cardiff-by-the-Sea, CA 92007-1737
11 Tel: 760-633-4485/Fax: 760-633-4427
12
13 Attorneys for Plaintiff CITY OF LINCOLN

14                **UNITED STATES DISTRICT COURT**

15              **EASTERN DISTRICT OF CALIFORNIA**

16

17  CITY OF LINCOLN,                  ) Case No.:
                                      )
18          Plaintiff,                ) **COMPLAINT AND <u>JURY DEMAND</u>**
19  vs.                               ) **OF THE CITY OF LINCOLN:**
                                      )
20  COUNTY OF PLACER; and DOES 1      ) **(1) CONTINUING NUISANCE**
21  through 100, inclusive,           ) **(2) CONTINUING TRESPASS**
                                      ) **(3) EQUITABLE**
22          Defendants.               ) **INDEMNITY/CONTRIBUTION**
23                                    ) **(4) COST RECOVERY, CERCLA § 107**
                                      ) **(5) CONTRIBUTION, CERCLA § 113**
24                                    ) **(6) DECLARATORY RELIEF**
25                                    )
                                      )
26                                    )
27  _____  )

28

                                1

Plaintiff, the City of Lincoln, California ("City"), for its Complaint against Defendants the County of Placer ("County"), and DOES 1 through 100 (collectively, "Defendants"), alleges and states as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 9607, 9613(b), 9613(f), and 28 U.S.C. § 2201.   This civil action arises under the laws of the United States.

2.     This Court also has jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367 and the pendant jurisdiction doctrine set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).   Plaintiff's state law claims arise from the same nucleus of facts as the claims asserted under federal law.

## PARTIES

3.     Plaintiff City is a local governmental body organized and existing under the laws of the State of California.

4.      Defendant County is a local governmental body organized and existing under the laws of the State of California.

5.     The true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, are unknown to Plaintiff, which therefore sues Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege

COMPLAINT

their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is in some manner responsible, in whole or in part, for the matters alleged herein.

## VENUE

6.    This action involves property comprising the former Lincoln Landfill, located on Virginia Town Road at the intersection with Hungry Hollow Road, in Placer County, California, approximately 0.4 miles east of the City of Lincoln, and more particularly in the southeast ¼ of Section 11, T12N, R6E, MDB&M, corresponding to Assessor's Parcel No. 21-231-19 (hereinafter, the "Site").

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9607 and 9613(b), because the Site is located within this District, because the acts that gave rise to Plaintiff's claims occurred in this District, and because Defendants may be found in this District.

## GENERAL ALLEGATIONS

**A.    The Site**

8.    During the time that the Site received wastes for disposal, the City was the owner and operator of the Site.

9.    The City continues to own the Site today.

10.    The City operated the Site as a municipal landfill from approximately 1952 through 1976, open to residents and public and private entities located within

the City, and located within Placer County, for waste disposal.

11.    As a result of waste disposal at the Site, including, upon information and belief, disposal at the Site of wastes that Defendants generated, owned, possessed, transported to the Site, and/or arranged for the disposal or treatment of, hazardous substances were released and continue to be released to the environment, resulting in past and ongoing contamination of groundwater, soil, surface water and air at the Site, and around the Site, including past and ongoing contamination of groundwater, soil, surface water and air of properties contiguous and in near proximity to the Site.

**B.    Defendants Involvement at the Site**

12.    Upon information and belief, during the time of landfill operations at the Site, Defendant County, and businesses and residents residing within County territory, generated, owned and possessed wastes containing hazardous substances, and Defendant County transported such wastes to the Site, and/or arranged by contract, agreement, or otherwise, for the City to receive, dispose of or treat such wastes on behalf of Defendant County and businesses and residents residing within County territory, which wastes were disposed of at the Site, and which wastes contributed and are contributing to the past and ongoing releases of hazardous substances to groundwater, soil, surface water and air at the Site, and contiguous to and in near proximity to the Site.

COMPLAINT

## C.     Administrative Orders and City Response Costs

13.     On or about May 27, 2014, the California Regional Water Quality Control Board, Central Valley Region ("Regional Board") issued Cleanup and Abatement Order Number 2014-0703 ("Order 2014-0703"), requiring the City to undertake various actions to investigate, reduce, or eliminate groundwater, soil, surface water and air contamination at the Site and in near proximity to the Site.

14.     City has incurred and continues to incur costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and in near proximity of the Site, and otherwise carry out the requirements of Order 2014-0703.  City will continue to incur such costs in the future.

## FIRST CLAIM FOR RELIEF:
### Continuing Nuisance
### (Against All Defendants)

15.     City repeats and realleges paragraphs 1 through 14 above, as though fully set forth herein.

16.     California Civil Code section 3479 defines a nuisance, in pertinent part, as follows:

Anything which is injurious to health…or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property…

5

17.    City is informed and believes that, by transporting to the Site for disposal wastes containing hazardous substances owned and generated by the County, and/or generated by businesses and residents residing within County territory, and/or by arranging by contract, agreement, or otherwise, for the City to receive, dispose of or treat wastes containing hazardous substances on behalf of Defendant County and/or businesses and residents residing within County territory, which wastes were disposed of at the Site, the County has created and contributed to a continuing nuisance, both public and private, as defined by California Civil Code section 3479, *et seq*., in the form of past and ongoing releases and threatened releases of hazardous substances to groundwater, soil, surface water and air at the Site, and contiguous to and in near proximity to the Site.

18.    The continuing nuisance conditions described above impact not only the Site, but also, groundwater, soil, surface water and air contiguous to and in near proximity to the Site.

19.    The contamination described above has been and is continuing to migrate to other land, water and air subject to use, and actually being used by third parties, including but not limited to the State of California, which owns the groundwater, and thus affects members of the general public and a substantial number of people.

20.    These continuing nuisance conditions have interfered with the City's

use and enjoyment of its property, and the State of California and general public's use and enjoyment of groundwater, and have created a risk to human health and/or the environment, and would reasonably annoy and disturb an ordinary person.

21.     City is informed and believes that, by wrongfully causing these nuisance conditions, Defendants' conduct was a substantial factor in causing the harm, including harm to the City, and further, the seriousness of such harm outweighs the public benefit of Defendants' conduct.

22.     City is informed and believes that Defendants have caused the City to suffer harm that is different from the type of harm suffered by the general public, as Defendants have harmed City's property interest as the Site owner, and separately, the City has been compelled by the Regional Board to undertake various actions to address releases and threatened releases of hazardous substances at and from the Site.  The City did not consent to Defendants' creation of these nuisance conditions.

23.     The City has incurred and will continue to incur substantial damages because of these nuisance conditions, including damages in accordance with California Code of Civil Procedure section 731.  The City will seek leave of Court to amend this Complaint when its total damages can be more precisely ascertained. To the extent permitted by law, City also seeks an order requiring Defendants to abate the contaminated conditions on Site and emanating from the Site.

7

24.     The nuisance conditions created by Defendants are continuing and ongoing, and can be reasonably abated with existing technology.

## <u>SECOND CLAIM FOR RELIEF</u>:
**Continuing Trespass
(Against All Defendants)**

25.     City repeats and realleges paragraphs 1 through 24 above, as though fully set forth herein.

26.     City is informed and believes that, by transporting to the Site for disposal wastes containing hazardous substances owned and generated by the County, and/or generated by businesses and residents residing within County territory, and/or by arranging by contract, agreement, or otherwise, for the City to receive, dispose of or treat wastes containing hazardous substances on behalf of Defendant County and/or businesses and residents residing within County territory, which wastes were disposed of at the Site, the County has intentionally, wrongfully, recklessly and/or negligently caused hazardous substances to be released and discharged at the Site, which releases and discharges are continuing, and which constitutes a wrongful trespass upon property owned by the City.

27.     City is informed and believes that the releases and discharges of hazardous substances from Defendants' wastes have unlawfully interfered with the City's possession of the Site, and that Defendants' conduct was a substantial factor

COMPLAINT

in causing City's harm. City did not consent to Defendants' contribution of hazardous substances at the Site.

28.     As a direct and proximate result of this continuing trespass, the City has incurred substantial damages, and will continue to incur substantial damages, including, but not limited to, loss of property value and property use, and the City has been compelled by the Regional Board to undertake various actions to address releases and threatened releases of hazardous substances at and from the Site. The City will seek leave of Court to amend this Complaint when its total damages can be more precisely ascertained. To the extent permitted by law, City also seeks an order requiring Defendants to abate the contaminated conditions on Site and emanating from the Site.

29.     The conditions of trespass created by Defendants are continuing and ongoing, and can be reasonably abated with existing technology.

### THIRD CLAIM FOR RELIEF:
**Equitable Indemnity/Contribution**
**(Against All Defendants)**

30.     City repeats and realleges paragraphs 1 through 29 above, as though fully set forth herein.

31.     Regional Board Order 2014-0703 states that discharges of wastes to waters of the state constitute a nuisance.

9

32.     The City is informed and believes that any liability that falls upon the City under Regional Board Order Number 2014-0703 is constructive, secondary or passive in nature, and said liability attaches solely by reason of the conduct of Defendants in wrongfully creating such nuisance conditions, as previously alleged and set forth herein.

33.     As a result of Regional Board Order 2014-0703, the City has incurred and will continue to incur substantial costs investigating and responding to the conditions alleged in the Order.

34.     By reason of the foregoing, City is entitled to indemnity and/or contribution from each of the Defendants in proportion to their percentage of contribution to the conditions alleged in Order Number 2014-0703.

## FOURTH CLAIM FOR RELIEF:
### Response Cost Recovery Under CERCLA
### (Against All Defendants)

35.     City repeats and realleges paragraphs 1 through 34 above, as though fully set forth herein.

36.     Section 107(a) of CERCLA, 42 U.S.C. §9607(a), provides, in pertinent part, as follows:

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such

COMPLAINT

person, by any other party or entity, at any facility…owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities…or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --

 (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;

The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D).

37.     The City and each Defendant are a "person" under CERCLA, 42 U.S.C. § 9601(21).

38.     As a former landfill, the Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9).

39.     There have been "releases" of "hazardous substances" to groundwater, soil, surface water and air at the Site, and contiguous to and in near proximity to the Site, within the meaning of CERCLA, 42 U.S.C. § 9601(14) and 42 U.S.C. §9601(22), which releases are continuing.

40.     Upon information and belief, Defendants are responsible persons as defined in CERCLA, 42 U.S.C. § 9607(a).   Upon information and belief, Defendants generated, owned and possessed wastes containing hazardous substances at County facilities and/or within County territory, which were disposed of at the Site; business and residents within County territory generated, owned and possessed wastes containing hazardous substances, which were disposed of at the Site; Defendants transported to the Site for disposal wastes containing hazardous substances owned and generated by the County, and/or generated by businesses and residents residing within County territory; and/or Defendants arranged by contract, agreement, or otherwise, for the City to receive, dispose of or treat wastes at the Site containing hazardous substances on behalf of Defendant County and/or businesses and residents residing within County territory.  Defendants are therefore jointly and severally liable for all response costs incurred or to be incurred by the City.

41.     City has incurred and will continue to incur necessary costs of response, in a manner consistent with the National Contingency Plan ("NCP"), under section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), as a result of the releases and threatened releases of hazardous substances at and from the Site.

42.     Pursuant to CERCLA, 42 U.S.C. § 9607(a)(4)(B) and 42 U.S.C. § 9613(f), City is entitled to cost recovery and, in the alternative, contribution, from

12

Defendants for response costs incurred and to be incurred in connection with the Site, including the aforementioned costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and in near proximity of the Site.

43.     City is entitled to interest on the amount recovered under this claim pursuant to 42 U.S.C. § 9607(a).

44.     City has provided or will provide a copy of this Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency, pursuant to 42 U.S.C. §9613(l).

### FIFTH CLAIM FOR RELIEF:
### Contribution Under CERCLA
### (Against All Defendants)

45.     City repeats and realleges paragraphs 1 through 44 above, as though fully set forth herein.

46.     The Regional Board has determined that the City must address the conditions of contamination at and in near proximity to the Site.  As a result, the City is informed and believes that it has incurred and will incur a disproportionate share of response costs to address contamination at and in near proximity to the Site.

47.     The City is informed and believes that Defendants are liable to City in contribution for all or some portions of the response costs incurred and to be

13

incurred by the City, pursuant to CERCLA, 42 U.S.C. § 9607(a) and 42 U.S.C. §9613. Upon information and belief, Defendants generated, owned and possessed wastes containing hazardous substances at County facilities and/or within County territory, which were disposed of at the Site; business and residents within County territory generated, owned and possessed wastes containing hazardous substances, which were disposed of at the Site; Defendants transported to the Site for disposal wastes containing hazardous substances owned and generated by the County, and/or generated by businesses and residents residing within County territory; and/or Defendants arranged by contract, agreement, or otherwise, for the City to receive, dispose of or treat wastes at the Site containing hazardous substances on behalf of Defendant County and/or businesses and residents residing within County territory.

48.   The City is entitled to cost recovery as stated above, and in the alternative, the City requests that judgment be entered in its favor and against Defendants for contribution towards the response costs that City has incurred and will incur in the future, including costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and in near proximity of the Site.

**<u>SIXTH CLAIM FOR RELIEF</u>:**
**Declaratory Relief**
**(Against All Defendants)**

14

49.     City repeats and realleges paragraphs 1 through 48 above, as though fully set forth herein.

50.     An actual controversy now exists between City and Defendants, and each of them, in that City contends that Defendants are liable for the response costs incurred and to be incurred in connection with the release or threatened release of hazardous substances at and from the Site.   The City further contends that Defendants are obligated to reimburse the City for its past, current and future response costs.

51.     The City is informed and believes, and on that basis alleges, that Defendants, and each of them, contend in all respects to the contrary.

52.     A declaration of the rights and obligations of the parties, binding in any subsequent action or actions to recover further response costs incurred by the City, is appropriate and in the interest of justice for numerous reasons, including the fact that a declaratory judgment will obviate the need for time-consuming multiple lawsuits as the City incurs costs in responding to the contamination alleged herein, thereby providing a complete resolution of the differences between the parties.

53.     CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part as follows:

In an action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

54.   Pursuant to section 42 U.S.C. § 9613(g)(2) and 28 U.S.C. §2201(a), this Court has jurisdiction to award declaratory relief.   The City is entitled to a declaratory judgment that Defendants are liable to City for the response costs incurred and to be incurred in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff City prays for judgment in its favor and against Defendants, and each of them, as follows:

1.      For recovery from Defendants of costs which Plaintiff has incurred and will incur in responding to releases of hazardous substances at the Site and in near proximity to the Site including, without limitation, the costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and at properties in near proximity to the Site, in amounts to be determined at the trial of this matter;

2.      For contribution from Defendants toward any costs which Plaintiff has incurred and will incur in responding to releases of hazardous substances at the

COMPLAINT

Site and in near proximity to the Site including, without limitation, the costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and at properties in near proximity to the Site, in amounts to be determined at the trial of this matter;

3. For indemnification and/or contribution, in full or in part, with respect to any costs, damages and liabilities arising from the alleged contamination of the Site and in near proximity to the Site, which Plaintiff has incurred or will incur in responding to releases of hazardous substances at the Site and in near proximity to the Site including, without limitation, the costs of defense, and the costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and at properties in near proximity to the Site, in amounts to be determined at the trial of this matter;

4. For a declaration determining the rights of Plaintiff, and the duties and obligations of each Defendant, with respect to Regional Board Order 2014-0703, including, without limitation, the costs of defense against said Orders, and the costs to investigate, remediate, and take additional actions to prevent further spreading of contamination of groundwater, soil, surface water and air at the Site, and at properties in near proximity to the Site;

COMPLAINT

5.     For damages according to proof at trial, including but not limited to all costs and expenses paid and to be paid in complying with the Regional Boards Orders;

6.     To the extent permitted by law, for injunctive relief requiring Defendants to abate the contaminated conditions on Site and emanating from the Site;

7.     For pre and post-judgment interest at the maximum rate permitted by law; and

8.     For all costs and expenses incurred in this action, to the extent provided for by law; and

9.      For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff City of Lincoln requests a trial by jury of all issues so triable.

Dated:  January 12, 2018                    BROWN & WINTERS

                                            By: /s/ Jeffrey T. Orrell
                                            William D. Brown, CA Bar No. 125468
                                            bbrown@brownandwinters.com
                                            Jeffrey T. Orrell, CA Bar No. 237581
                                            jorrell@brownandwinters.com
                                            Attorneys for Plaintiff, CITY OF LINCOLN

COMPLAINT