# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN, | ) Case No.: 2:18-CV-00087-KJM-AC |
| Plaintiff | ) |
| vs. | ) |
| COUNTY OF PLACER; and DOES 1 through 100, inclusive, | ) |
| Defendants. | ) |

**STIPULATION AND ORDER**
**REGARDING FEDERAL RULES OF EVIDENCE 502(d) – PROTECTIONS FOR PRIVILEGED MATERIAL AND WORK PRODUCT**

Pursuant to the Court's Minute Order of May 24th, 2018, with respect to protecting privileged material and work product, Plaintiff City of Lincoln ("City") and Defendant County of Placer ("County") (hereinafter collectively, the "Parties") have agreed and hereby stipulate to the specific terms set forth below, and respectfully request that the Court ratify and enter an Order as follows:

**I.** **Federal Rules of Evidence 502(d) - Protections for Privileged Material and Work Product**

The Parties shall handle a claim of privilege or protection asserted after production as follows:

1. Discovery in this action may require the Parties to review and disclose large quantities of documents. For purposes of this Order, the term "document" should be read to include all forms of information, including electronically-stored information. The documents disclosed in this case could include materials subject to privilege or other legally recognized protection (materials that are not subject to discovery).

2. Because document-by-document pre-production review would likely impose an undue burden on the Parties' resources, the Parties wish to invoke the protections afforded by Federal Rule of Evidence 502(d).

3. Each party shall examine their files containing documents to be produced and shall screen these documents for privilege or protection. This examination shall be performed with due regard for the likelihood that the files contain privileged or protected documents. Nonetheless, given the large quantities of documents to be screened, the Parties may rely on random sampling or searching rather than document-by-document examination. The Parties recognize that, under these circumstances, it is highly possible that some privileged or protected materials may be produced during discovery.

4. If a producing party determines that it has produced what it believes to be a privileged or protected document, it must take the following steps to invoke the appropriate privilege or protection. Within reasonable time of discovering that it has produced what it believes to be a privileged or protected document it will notify all counsel of record of the claim of privilege or protection. Furthermore, within thirty (30) days after receiving notice that the receiving party intends to refer to, quote, cite, rely upon, or otherwise use a document containing privileged or protected information, the producing party must give all counsel of record notice of the claim of privilege or protection. The notice must identify the document(s) that is (are) privileged or protected and the date the document(s) was (were) produced. The notice shall also provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), namely: the information subject to the claim, the author, date, and addressees or recipients of the document (where applicable), the privilege or protection being asserted, and the basis for the claim of privilege or protection. If the producing party claims that only a portion of a document is privileged or protected, in addition to the notice, the producing party shall provide a new copy of the document with the allegedly privileged or protected portions redacted.

5. Upon receiving notice of a claim of privilege or protection (as set forth in paragraph 4), the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take

reasonable steps to retrieve the information if the retrieving party disclosed it before being notified. *See* Fed. R. Civ. P. 26(b)(5)(B). If the receiving party does not agree with the privilege claim, the Parties must promptly meet and confer in an attempt to resolve the claim. If this conference does not resolve the claim, the receiving party may present the information to the Court by noticed motion, pursuant to the procedures established by Local Rule 251. In doing so, the Parties may file the disputed documents under seal, and file redacted briefing. Any party in possession of the information in dispute must preserve the information until the claim is resolved. *Id.*

6. To the extent that notes or records in any form concerning any privileged or protected information exist (other than those pertaining solely to assertion of the privilege), the portions of any such notes or records regarding the privileged or protected information shall be permanently destroyed, deleted, or redacted if the claim of privilege or protection is upheld.

7. Disclosure of any documents or other information that the producing party later claims should not have been disclosed because of any privilege or protection will not be deemed to constitute a waiver of the privilege or protection for purposes of this proceeding, or any other federal or state proceeding. *See* Fed. R. Evid. 502(d).

8. This Order applies to documents and information covered by the attorney-client privilege and the attorney work-product protection, and thus constitutes a controlling order under Federal Rule of Evidence 502(d) with respect to waiver. For purposes of this proceeding, this Order also applies to any other privilege or protection under federal or state law that the Parties may properly assert to prevent disclosure of information.

9. All receiving Parties remain under a good faith obligation to notify any producing party if they identify a document which appears on its face, or in light of facts known to the receiving party, to be potentially privileged or protected. Such notification shall not waive the receiving party's ability to subsequently challenge any claim of privilege with respect to the identified document. If a receiving party provides such notice, the producing party must follow the steps set forth above in paragraph 4 to claim privilege or protection.

STIPULATION AND ORDER REGARDING FEDERAL RULES OF EVIDENCE 502(d)
2:18-CV-00087-KJM-AC
Page 3 of 5

1
2  Dated: May 31, 2018
3  BROWN & WINTERS
4  */s/ Jeffrey T. Orrell*
5  WILLIAM D. BROWN (SBN 125468)
   JEFFREY T. ORRELL (SBN 237581)
6  Brown & Winters
   120 Birmingham Drive
7  Cardiff-by-the-Sea, CA 92007-1737
   Tel.: 760-633-4485/Fax: 760-633-4427
8  Attorneys for Plaintiff
   CITY OF LINCOLN
9
10
11 Dated: May 31, 2018
12 */s/ Gregory Warner*
13 GREGORY WARNER (SBN 282490)
   Office of County Counsel, Placer County
14 175 Fulweiler Avenue
   Auburn, CA 95603
15 Telephone No.: (530) 889-4044
   Facsimile No.: (530) 889-4069
16 COUNTY OF PLACER
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Stipulation, **IT IS SO ORDERED** this 5th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER REGARDING FEDERAL RULES OF EVIDENCE 502(d)
2:18-CV-00087-KJM-AC
Page 5 of 5