OFFICE OF THE PLACER COUNTY COUNSEL
GREGORY S. WARNER (SBN 282490)
ERIC C. BRUMFIELD (SBN 306642)
175 Fulweiler Avenue
Auburn, California 95603
Telephone: (530) 889-4044
Facsimile: (530) 889-4069
Email:  GWarner@placer.ca.gov
        EBrumfield@placer.ca.gov

JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone: (916) 379-7530
Facsimile: (916) 379-7535
Email:  JHartmanKing@HartmanKingLaw.com
        ALungren@HartmanKingLaw.com
        JRParker@HartmanKingLaw.com
        AWooNazal@HartmanKingLaw.com

Attorneys for Defendant and Counter-Claimant
COUNTY OF PLACER

Exempt From Filing Fees Pursuant To Government Code Section 6103

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:18-CV-00087-KJM-AC<br><br>**JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE FOURTH AMENDED PRETRIAL SCHEDULING ORDER** |

00047186.1

The parties to this action, Plaintiff/Counter-Defendant City of Lincoln ("City") and Defendant/Counter-Claimant County of Placer ("County") (hereinafter collectively, "Parties"), have met and conferred and hereby jointly and respectfully request that the Court modify the Fourth Amended Pretrial Scheduling Order (Dkt. 28) to allow an extension of the current fact discovery deadline of **October 29, 2021**, by ninety days (90) days to **January 27, 2022**, and an extension of all remaining dates in the Fourth Amended Pretrial Scheduling Order by the same period of time. The Parties jointly submit the following summary of previous modifications to the deadlines in the scheduling orders and a statement of good cause in support of their instant request.

**PREVIOUS MODIFICATIONS TO THE PRETRIAL SCHEDULING ORDER**

**A.    First Amended Pretrial Scheduling Order**

In November 2019, the Parties requested and received an Order (Dkt. 17, 18) extending the deadline for fact discovery in this matter from December 16, 2019, to March 9, 2020. The Parties provided the following reasons for that initial 12-week extension of the fact discovery deadline:

1. To allow the City to complete its review and voluntary production to the County of select documents from the voluminous County Archive documents;

2. To allow the City to complete its sixth voluntary production (consisting of approximately 1,600 pages that the City copied from County archives, and approximately 3,500 pages of additional supplemental information that City's counsel obtained from publicly available locations);

3. To allow the Parties to determine whether there are additional percipient witnesses, locate those witnesses and interview them, with the goal of taking depositions;

4. To allow the Parties to conduct any further written discovery arising from their review of the County Archive documents;

5. To allow the Parties to have a full opportunity to meet and confer, narrow the scope of their Rule 30(b)(6) deposition notices, and hopefully ease the burden on their respective public entity employees/representatives; and

///

///

6.     To possibly aid in the mediation and settlement process, by further eliminating factual disputes related to the Parties' alleged contribution to conditions at the Landfill and their respective liability, if any, therefore.

**B.**     **Second Amended Pretrial Scheduling Order**

In February 2020, the Parties requested and received an Order (Dkt. 20, 21) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1.     To allow the Parties to continue their meet and confer efforts and complete fact and expert discovery in a timely manner;

2.     To allow the Parties to continue their search for potential witnesses with relevant knowledge of events that took place over 60 years ago;

3.     To allow the County's recently retained outside environmental counsel adequate time to review the voluminous production of documents;

4.     To allow the Parties adequate time to prepare their Federal Rule of Civil Procedure 30(b)(6) witnesses for their respective depositions; and

5.     To allow the Parties to explore settlement discussions after completing the discovery process.

**C.**     **Third Amended Pretrial Scheduling Order**

In August 2020, the Parties requested and received an Order (Dkt. 22, 23) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by eight (8) months. The Parties provided the following reasons for an eight-month continuance of deadlines:

1.     Challenges that were unforeseen in February 2020, resulting from the COVID-19 pandemic that impacted this country beginning in March, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

2. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

3. To allow the Parties to explore settlement discussions after completing discovery.

**D.    Fourth Amended Pretrial Scheduling Order**

In March 2021, the Parties requested and received an Order (Dkt. 27, 28) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

2. Challenges resulting from the continued COVID-19 pandemic that impacted this country beginning in March 2020, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

3. To allow the Parties to explore settlement discussions after completing discovery.

The Parties maintain that certain of the abovementioned reasons constitute good cause and remain true, in conjunction with new developments discussed below. Discovery is currently ongoing. However, an additional extension of the fact discovery deadline and, in turn, the deadlines for designation of expert witnesses, expert discovery, and dispositive motions, is required and respectfully requested, for the reasons set forth below.

**STATEMENT OF GOOD CAUSE TO AMEND THE FOURTH AMENDED PRETRIAL SCHEDULING ORDER**

The Parties jointly submit the following statement of good cause in support of their stipulation and request a ninety (90) day extension of the deadlines for completion of fact discovery, designation of expert witnesses, completion of expert discovery, and the hearing of all dispositive motions.

A district court has "broad discretion in supervising the pretrial phase of litigation." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); *see also*, Dkt. 16, 6:22-26. The key factors considered in determining good cause are whether the party moving for modification was diligent in trying to complete discovery in a timely manner, and the party's reasons for seeking modification. *Johnson, supra*, 975 F.2d at 609; *C.F., supra,* 654 F.3d at 984; *Tapias v. Mallet & Co*., 2017 U.S. Dist. LEXIS 144406, at *1-2 (N.D. Cal. Sep. 6, 2017). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, *supra*, 975 F.2d at 609; *Tapia, supra,* 2017 U.S. Dist. LEXIS 144406, at *1.

Generally, courts use a three-step inquiry in assessing diligence for determining good cause under Rule 16:

> "[T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order."

*Grant v. United States*, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

**A.     The Parties' Efforts to Prepare a Workable Rule 16 Order**

The Parties were diligent in assisting the Court in creating a Rule 16 Order. As mentioned in the prior Stipulation and Orders, the Parties met and conferred, and filed their "Joint Report of Parties' Planning Meeting" on May 16, 2018 (Dkt. 12). From the outset, the Parties recognized that this action would be complex, both factually and legally. The City alleges that waste disposal activities occurred over sixty years ago, from the late 1940s to 1976. The City's asserted contaminant response activities have spanned several decades since the closure of the Landfill, and the City alleges those are ongoing today. The Parties brought claims against one another under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), legislation

which has been aptly called an inherently "complex statute with a maze-like structure and baffling language." *ASARCO, LLC v. Celanese Chemical Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015) (citing *California ex. rel. Cal. Dep't. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 663 (9th Cir. 2004)) (internal quotations omitted). Recognizing that this case involved a complex environmental statute, six decades of documentation and potentially numerous witnesses, the Parties requested approximately a year-and-a-half to complete fact discovery. *See* Dkt. 16, p. 14.

The Pretrial Scheduling Order was reasonably calculated to address the complexities of this case, and it was created with the active participation of the Parties. However, as discussed below, while the Parties are diligently continuing their meet and confer efforts to streamline evidentiary presentations at trial, ongoing discovery efforts continue to reveal voluminous documents and records which has prolonged the time required to properly review and prepare documents for production and has complicated efforts to finalize the scope and timing of the Parties' Rule30(b)(6) depositions, identify, schedule, and prepare numerous County and City personnel for deposition. The emergence of new strains of the Covid-19 virus, a resurgence of COVID-19 cases, and the uncertainty surrounding government efforts to appropriately respond to the surge, continue to cause uncertainty and create difficulty for both Parties.

**B.    The Parties' Ongoing Discovery Activities and Efforts to Streamline Evidentiary Presentation at Trial**

Since the Court entered the Fourth Amended Pretrial Scheduling Order, the Parties have propounded and/or responded to further written discovery in this litigation. Consistent with the Court's Order, the Parties have continued, in good faith, to make both voluntary and supplemental productions of documents and engage in meaningful and cooperative meet and confer efforts in an effort to both facilitate document production and streamline evidentiary presentation at trial.

Specifically, the City has submitted to the County, for its consideration, a draft stipulation as to authenticity as to certain of the Parties' respective historical records with the goal of minimizing authentication issues and future discovery disputes to facilitate efficient evidentiary presentation at trial (Dkt. 25).

///

When COVID-19 restrictions preventing in person document review were eased, both Parties worked together amicably to grant the City access to the County's Archives department to conduct inspection and review of certain County historical records. This week, the City voluntarily produced 8,505 pages of County documents from the County Archives department. The City and County are now working together to facilitate a similar inspection of the archives of the Office of the County Clerk of the Board of Supervisors. The City anticipates a similar further voluntary production after inspecting documents at the archives of the Office of the County Clerk of the Board of Supervisors. Those additional documents subsequently will need to be reviewed by the County.

Following the completion of a privilege review of County documents that has been underway, the County will complete the process of preparing approximately 160,000 pages of documents for production to the City as part of the County's supplemental response to the City's written discovery requests. Based on the County's initial estimate, the County anticipates producing those documents in mid to late September, just over one month before the currently scheduled close of fact discovery. This time frame will impact the City's preparation for its deposition of the County's estimated eight Rule 30(b)(6) designees that the County has preliminarily identified.

Once the Parties serve their respective supplemental responses and productions of documents on each other, each Party will require sufficient time to review and analyze the productions. Under the current litigation deadlines with the fact discovery cutoff at the end of October 2021, the Parties recognized that to accomplish a reasonable review of the voluminous supplemental documents, and to finalize the scope of, prepare for and conduct each Party's respective Rule 30(b)(6) depositions without unnecessarily inconveniencing City and County witnesses, and importantly, the Court, an extension of the litigation deadlines is necessary. An extension of the fact and expert discovery deadlines will allow the Parties to diligently identify and review relevant documents; identify and prepare fact witnesses for deposition; and finalize discovery and evidentiary agreements.

The Parties have actively been meeting and conferring regarding the scope and timing of their respective Rule 30(b)(6) depositions. An extension of all remaining deadlines will allow the Parties to finalize those discussions and cooperatively agree to a deposition schedule which enables each party to

///

comply with all COVID-19 safeguards, produce a prepared Rule 30(b)(6) witness, and minimize inconvenience to the County and City public employee witnesses.

A further extension of all remaining deadlines will also allow more time for the Parties to complete discovery, and then turn their focus towards the possibility of exploring meaningful settlement discussions, with the goal of avoiding the significant time and expense of trial.

C.     The Ongoing Impact of the COVID-19 Pandemic

The Fourth Amended Pretrial Scheduling Order (Dkt. 28) was entered in March 2021. Although the Parties anticipated that the Fourth Amended Pretrial Scheduling Order (Dkt. 28) allotted sufficient time for public entity employees to return to work at City and County offices after the lifting of the Regional Stay-at-Home Order, the introduction of the Tier System and the surge of new variants of COVID-19 resulted in many of the Parties' non-essential employees continuing to work remotely, and limited public access to government offices. This case concerns events from many decades ago, as a consequence of which, many of the records are maintained in government offices in physical form only. As a result, the Parties continue to face several unforeseen pandemic-related challenges that uniquely impact a case involving large physical files and several government deponents that are working remotely.

As a result of the COVID-19 pandemic and related closure of County offices and travel restrictions, the City's outside counsel temporarily halted its efforts to review the County's physical archives. As stated above, upon the easing of COVID-19 related restrictions, the City and County have arranged for physical review of the County's Archives and of records held with the Office of the Clerk of the Board of Supervisors to proceed. While some of that effort has been successfully completed, the City's document identification and retrieval effort is ongoing. As a result of, and as noted above, both Parties will continue to receive additional discovery documents that need to be reviewed prior to preparing for and conducting depositions.

Throughout the COVID-19 pandemic, the Parties have been closely monitoring public health orders and respectfully observing one another's COVID policies and have regularly met and conferred to discuss the upcoming discovery deadlines, ongoing measures to protect the health and safety of the potential witnesses, and the feasibility of in-person or virtual depositions. Setting aside the increased

difficulty in scheduling and preparing witnesses for depositions during the COVID-19 pandemic, the Parties continue to share concerns over the inherent challenges with virtual depositions, especially in this heavily document-intensive matter. As the number of COVID-19 cases is again on the rise, and new virus variants have appeared, uncertainty surrounding the pandemic remains. Given these ongoing pandemic-related challenges, the Parties believe an extension of the deadlines set by the Fourth Amended Pretrial Scheduling Order (Dkt. 28) is prudent.

Because both Parties are currently engaged in additional fact related discovery, including substantial document identification, production, and review; since meet and confer efforts are currently ongoing with the goal to streamline evidentiary presentation at trial; and due to the uncertainty created as a result of the surge of new COVID-19 variants, the Parties believe that a ninety (90) day extension of the fact discovery deadline, and an extension of all remaining dates in the Fourth Amended Pretrial Scheduling Order by the same period of time, is necessary and appropriate. The Parties promptly met and conferred to prepare this Request.

**PROPOSED MODIFICATIONS TO THE FOURTH AMENDED PRETRIAL SCHEDULING ORDER**

The Parties propose the following sections of the Amended Pretrial Scheduling Order (Dkt. 18) as amended by the Fourth Amended Pretrial Scheduling Order (Dkt. 28) be amended as follows:

Section IV.   DISCOVERY

All fact discovery shall be completed by **January 27, 2022.**

Section V.   DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 9, 2022.** By **June 6, 2022**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. All expert discovery shall be completed by **September 6, 2022**.

///

///

Section VI.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 15, 2022**.

Dated: August 20, 2021                         HARTMAN KING PC

By: */s/Jennifer Hartman King*
    JENNIFER HARTMAN KING
    ALANNA LUNGREN
    J. R. PARKER
    ANDREYA WOO NAZAL
Attorneys for Defendant and
Counter-Claimant COUNTY OF PLACER

Dated: August 20, 2021                         BROWN & WINTERS

By: */s/Janet Menacher* (as authorized on 8/20/21)
    WILLIAM D. BROWN
    JEFFREY T. ORRELL
    JANET MENACHER
Attorneys for Plaintiff and
Counter-Defendant CITY OF LINCOLN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>      Plaintiff,<br><br>   v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No.: 2:18-CV-00087-KJM-AC<br><br>**FIFTH AMENDED PRETRIAL SCHEDULING ORDER** |

Upon consideration of Plaintiff/Counter-Defendant City of Lincoln's ("City") and Defendant/Counter-Claimant County of Placer's ("County") Joint Stipulation Regarding Modification of the Fourth Amended Pretrial Scheduling Order, and finding good cause therefor, the Court hereby amends the Fourth Amended Pretrial Scheduling Order (Dkt. 28) as follows:

Section IV.    DISCOVERY

All fact discovery shall be completed by **January 27, 2022.**

Section V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 9, 2022**. By **June 6, 2022,** any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. All expert discovery shall be completed by **September 6, 2022**.

///

///

///

///

///

Section VI.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 9, 2022.**[1]

**IT IS SO ORDERED.**

DATED:  September 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] December 15, 2022 is not an available civil law and motion date.