UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN, | No.  2:18-cv-00087 KJM AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| COUNTY OF PLACER, | |
| Defendant. | |

This matter is before the court on a motion for a protective order filed by the City of Lincoln ("the City"). ECF No. 33. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties filed the necessary joint statement (ECF No. 37), and the matter was heard on the papers. ECF No. 34. For the reasons stated below, the court DENIES the City's motion.

**I.   Relevant Background**

According to the parties' joint statement, this action involves environmental contamination related to the former Lincoln Landfill, which operated from approximately the late 1940s to the mid-1970s. ECF No. 37 a 5. In 2014, the California Regional Water Quality Control Board, Central Valley Region ("Regional Board") issued a Cleanup and Abatement Order to the City, requiring the City to investigate and remediate contaminated groundwater and related contamination, including both non-hazardous substances and CERCLA hazardous substances. <u>Id.</u>

1

By this lawsuit, the City seeks contribution and indemnity from the County for the County's alleged role in the pollution of the Lincoln Landfill.  Id.  Relevant here, the City alleges that the County paid the City for unincorporated-area residents and businesses to use the Landfill for waste disposal, and that those residents and businesses did so; that the County arranged, by contract, agreement, or otherwise, for City waste collection trucks to collect and dispose of wastes from County facilities, and that those wastes were disposed of at the Landfill; and that the County transported certain wastes in its own trucks to the Landfill.  Id., Ex. R, Orrell Decl. Ex. 17.  The County has counterclaimed against the City.

This case was filed on January 12, 2018.  The scheduling order has been amended on multiple occasions.  The current scheduling order was entered on September 7, 2021 with a fact discovery deadline of January 27, 2022.  ECF No. 32.  Disclosure of expert witnesses is due by March 9, 2022.  Id.  The parties adequately met and conferred regarding the discovery dispute at issue in this motion but were unable to reach an agreement.  ECF No. 37 at 2.

## II. Motion for Protective Order

The City asks for a protective order regarding one proposed deposition topic in the County's Rule 30(b)(6) deposition notice.  ECF No. 37 at 2.  The topic at issue, Topic 14, seeks the City's Rule 30(b)(6) testimony regarding the County's contribution of "Hazardous Substances," as defined by CERCLA, to the closed Lincoln Landfill.  Id.  The text of Topic 14 is set forth below.

A. Standard on Motion for Protective Order

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c).  This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c).  Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Id.  District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002).  The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted.  In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).  The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26.

   B.  Topic 14 is an Appropriate Rule 30(b)(6) Deposition Topic

The City's request for a protective order must be denied because Topic 14 is an appropriate 30(b)(6) deposition topic and on its face does not seek expert opinions or protected information.  Topic 14 reads as follows:

> TOPIC 14: The COUNTY is not seeking expert opinion, legal conclusion, or information protected by the attorney-client privilege or attorney work product. The COUNTY seeks to elicit the facts supporting the CITY's factual allegations that the CITY stated were based on "information and belief" in the CITY's Complaint at p. 12, paragraph 40, (Dkt. 001), i.e., that:
>
> (a) The COUNTY generated, owned, and possessed HAZARDOUS SUBSTANCES at COUNTY facilities and/or within COUNTY territory, which were disposed at the LINCOLN LANDFILL;
>
> (b) Business and residents within COUNTY territory generated, owned and possessed wastes containing HAZARDOUS SUBSTANCES, which were disposed of at the LINCOLN LANDFILL;
>
> (c) The COUNTY transported to the LINCOLN LANDFILL for disposal WASTES containing HAZARDOUS SUBSTANCES owned and generated by the COUNTY and/or generated by businesses and residents residing within COUNTY territory;
>
> (d) The COUNTY arranged by contract, AGREEMENT, or otherwise for the CITY to receive, dispose of, or treat WASTE containing HAZARDOUS SUBSTANCES at the LINCOLN LANDFILL, on behalf of the COUNTY and/or businesses and

residents residing within COUNTY territory.

ECF No. 27 at 7.

The City makes two arguments as to why it should be granted a protective order with respect to this topic: (1) it does not possess the requisite legal or scientific expertise to answer the question, and (2) Topic 14 seeks premature expert opinion and attorney work product, as it seeks all facts supporting legal allegations of the City.

Fed. R. Civ. P. 30(b)(6) provides that "[a] a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." "The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." Bowoto v. ChevronTexaco Corp., 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing In re Vitamins Antitrust Litig., 216 F.R.D. 168, 172 (D.D.C. 2003)). A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6).

Topic 14, on its face, is permissibly crafted for purposes of a Rule 30(b)(6) deposition. The City's contention that Topic 14 would "require a non-expert, not attorney designee of the City to comprehend and speak intelligently about CERCLA's definition of 'Hazardous Substances'" is not supported by the contents of the actual topic, which simply asks the City to support its own claims. ECF No. 37 at 9. Topic 14 asks the City to have a designee explain the facts upon which the City's own allegations were made. Nowhere in the topic does it appear that the City is required to testify to technical information about CERCLA definitions. Although the City is correct that in certain circumstances courts have disallowed certain 30(b)(6) testimony where the information sought was highly technical and more appropriately in the realm of expert testimony, "some courts decline to draw a hard and fast line around the scope of permissible 30(b)(6) testimony and accept that there may be some overlap between the kinds of information

sought in 30(b)(6) depositions and other forms of discovery." United States v. HVI Cat Canyon, Inc., No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). Here, the information sought is not clearly or exclusively technical; Topic 14 expressly seeks only the factual basis for the City's claims. There is no cause to disallow Topic 14 on the basis that it seeks expert testimony or testimony that a proper Rule 30(b)(6) designee cannot provide.

The City's argument that "Topic No. 14 also seeks premature expert opinion and attorney work product, as it seeks all facts supporting particular legal allegations of the City" is equally unpersuasive. ECF No. 37 at 10. Topic 14, by its express terms, does not seek legal opinions. It seeks facts related to specific assertions made by the City. While there may be some differences amongst courts as to whether "inquiries into 'facts underlying legal claims and theories' are permissible" in the 30(b)(6) context or whether such inquiries should be limited to contention interrogatories, the undersigned agrees with the courts that have found that "the better rule is to allow parties to craft rule 30(b)(6) inquires similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information." Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico, 273 F.R.D. 689, 691–92 (D.N.M. 2011).

As to concerns about protected information, the County has made clear by its crafting of Topic 14 that it does not seek privileged or protected testimony. To the extent questioning moves in the direction of such testimony, objections can be raised at the deposition. Where the question itself does not expressly call for privileged or protected testimony, it would be premature to issue a protective order on the basis that such information might possibly come up at the actual deposition.

////
///
////
////
////

### III. Conclusion

For the reasons set forth above, the City's motion for a protective order (ECF No. 33) is DENIED.

IT IS SO ORDERED.

DATED: December 29, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE