Kristine L. Mollenkopf (SBN No. 185914)
Kristine.mollenkopf@lincolnca.gov
City Attorney
City of Lincoln, City Attorney's Office
600 Sixth Street
Lincoln, CA 95648
Tel: (916) 434-2428/Fax: (916) 654-8903

William D. Brown (SBN No. 125468)
bbrown@brownandwinters.com
Jeffrey T. Orrell (SBN No. 237581)
jorrell@brownandwinters.com
Janet Menacher (SBN No. 291365)
jmenacher@brownandwinters.com
Charles D. Grosenick (SBN 317715)
cgrosenick@brownandwinters.com
2533 S. Coast Highway 101, Suite 270
Cardiff-by-the-Sea, CA 92007-1737
Tel: (760) 633-4485/Fax: (760) 633-4427

Attorneys for Plaintiff/Counter-Defendant CITY OF LINCOLN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN, </br></br> Plaintiff/Counter-Defendant </br></br> v. </br></br> COUNTY OF PLACER; and DOES 1 through 100, inclusive, </br></br> Defendant/Counterclaimant. | Case No.: 2:18-CV-00087-KJM-AC </br></br> **JOINT STIPULATION AND [~~PROPOSED~~] ORDER REGARDING REMOTE DEPOSITION PROTOCOL** |

Plaintiff City of Lincoln and Defendant County of Placer (together, the "Parties") jointly stipulate and propose [and the Court adopts] the following protocol for conducting Federal Rules of Civil Procedure Rule 30(b)(6) depositions via remote means in this action, in light of the COVID-19 pandemic:

1. The Parties agree that the Rule 30(b)(6) Depositions of each deponent shall be conducted remotely using videoconference technology ("Remote Rule 30(b)(6) Deposition").

2. The Parties agree to use Aptus Court Reporting or another vendor with the equivalent ability to host remote videoconference depositions ("Vendor") for court reporting, videoconference and remote deposition services. The Parties agree that a Vendor's employee may attend the remote deposition to video record the deponent during the examination, but will not be physically present with the deponent. The Vendor's employee may also troubleshoot any technological issues that may arise, and administer the virtual breakout rooms, if needed. Because the Parties agree to remote depositions for their respective Rule 30(b)(6) depositions, the physical location where the participants (i.e., counsel, deponents, or court reporter) of the deposition will access the remote technology shall be determined by that individual participant.

3. The Parties agree that the Remote Rule 30(b)(6) Deposition may be used at a trial or hearing pursuant to Fed. R. Civ. Proc. 32 meaning, the Parties agree that the testimony, including transcripts, given during the Remote Rule 30(b)(6) Deposition may be used at a trial or hearing, and in support of or in opposition to motions, to the same extent that an in-person deposition may be used at trial or hearing and in support of or in opposition to motions. The Parties agree not to object to the use of such transcripts and the admissibility of any testimony given during the Remote Rule 30(b)(6) Deposition solely on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial or hearings, and in support of or in opposition to motions.

4. The court reporter shall record the Remote Rule 30(b)(6) Depositions by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the deponent. The court reporter's transcript shall constitute the official record.

5. The Parties agree that the court reporter is an "Officer" as defined by Federal Rules of Civil Procedure Rule 28(a)(2) and shall be permitted to administer the oath to the deponent via the videoconference. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

6. Counsel, the deponent, and the court reporter that are participating in the deposition examination shall be visible and their statements audible to all other participants, and they should each strive to ensure their environment is free from noise and distractions.

7. The Parties may utilize a "chat" feature on the videoconferencing platform to communicate with the deponent or the court reporter only if directed to all counsel and the court reporter throughout the deposition. Breakout room features may be enabled by the Vendor only for breaks and recesses off the record.

8. Counsel may introduce exhibits electronically during the deposition, by using the screen-sharing technology within the videoconferencing platform, including utilizing the "chat" feature, or by sending the exhibit to the deponent and all individuals on the record via electronic mail or by such other means as is agreed between the Parties.

9. The Party that noticed the deposition shall provide Vendor with a copy of this Stipulation and [Proposed] Order at least twenty-four hours in advance of the deposition.

**SO STIPULATED.**

Dated: January 13, 2022         BROWN & WINTERS

By: /s/ Jeffrey T. Orrell
WILLIAM D. BROWN
JEFFREY T. ORRELL
JANET MENACHER
CHARLES D. GROSENICK
Attorneys for Plaintiff and Counter-Defendant
CITY OF LINCOLN

///
///

00049894.2                                                                                                3

Dated: January 13, 2022          HARTMAN KING PC

By: /s/ *Alanna Lungren* (authorized signature on 1/13/22)
JENNIFER HARTMAN KING
ALANNA LUNGREN
J. R. PARKER
ANDREYA WOO NAZAL
Attorneys for Defendant and
Counter-Claimant COUNTY OF PLACER

### ORDER

Pursuant to the above stipulation of the Parties:

**IT IS SO ORDERED.**

Dated: January 14, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE