1  OFFICE OF THE PLACER COUNTY COUNSEL
   GREGORY S. WARNER (SBN 282490)
2  ERIC C. BRUMFIELD (SBN 306642)
3  175 Fulweiler Avenue
   Auburn, California 95603
4  Telephone: (530) 889-4044
   Facsimile: (530) 889-4069
5  Email:  GWarner@placer.ca.gov
              EBrumfield@placer.ca.gov
6

7  JENNIFER HARTMAN KING (SBN 211313)
   ALANNA LUNGREN (SBN 269668)
8  J. R. PARKER (SBN 320526)
   ANDREYA WOO NAZAL (SBN 327651)
9  HARTMAN KING PC
   520 Capitol Mall, Suite 750
10 Sacramento, CA  95814
11 Telephone: (916) 379-7530
   Facsimile: (916) 379-7535
12 Email:  JHartmanKing@HartmanKingLaw.com
              ALungren@HartmanKingLaw.com
13           JRParker@HartmanKingLaw.com
              AWooNazal@HartmanKingLaw.com
14

15 Attorneys for Defendant and Counter-Claimant
   COUNTY OF PLACER

Exempt From Filing Fees Pursuant To Government Code Section 6103

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 2:18-CV-00087-KJM-AC<br><br>**JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE FIFTH AMENDED PRETRIAL SCHEDULING ORDER** |

The parties to this action, Plaintiff/Counter-Defendant City of Lincoln ("City") and Defendant/Counter-Claimant County of Placer ("County") (hereinafter collectively, "Parties"), have met and conferred and hereby jointly and respectfully request that the Court modify the Fifth Amended Pretrial Scheduling Order (Dkt. 32) to allow an extension of the current disclosure of expert witness deadline of March 9, 2022, by ninety (90) days to **June 7, 2022**, and an extension of the rebuttal list of expert witnesses deadline of June 6, 2022, by seventy-seven (77) days to **August 22, 2022**. The completion of expert witness discovery deadline of September 6, 2022, shall be extended by thirty-eight (38) days to **October 14, 2022.** The dispositive motion hearing deadline shall remain **December 9, 2022.**

The Parties jointly submit the following summary of previous modifications to the deadlines in the scheduling orders and a statement of good cause in support of their instant request.

**PREVIOUS MODIFICATIONS TO THE PRETRIAL SCHEDULING ORDER**

**A.    First Amended Pretrial Scheduling Order**

In November 2019, the Parties requested and received an Order (Dkt. 17, 18) extending the deadline for fact discovery in this matter from December 16, 2019, to March 9, 2020. The Parties provided the following reasons for that initial 12-week extension of the fact discovery deadline:

1. To allow the City to complete its review and voluntary production to the County of select documents from the voluminous County Archive documents;

2. To allow the City to complete its sixth voluntary production (consisting of approximately 1,600 pages that the City copied from County archives, and approximately 3,500 pages of additional supplemental information that City's counsel obtained from publicly available locations);

3. To allow the Parties to determine whether there are additional percipient witnesses, locate those witnesses and interview them, with the goal of taking depositions;

4. To allow the Parties to conduct any further written discovery arising from their review of the County Archive documents;

///

///

5. To allow the Parties to have a full opportunity to meet and confer, narrow the scope of their Rule 30(b)(6) deposition notices, and hopefully ease the burden on their respective public entity employees/representatives; and

6. To possibly aid in the mediation and settlement process, by further eliminating factual disputes related to the Parties' alleged contribution to conditions at the Landfill and their respective liability, if any, therefore.

**B.    Second Amended Pretrial Scheduling Order**

In February 2020, the Parties requested and received an Order (Dkt. 20, 21) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1. To allow the Parties to continue their meet and confer efforts and complete fact and expert discovery in a timely manner;

2. To allow the Parties to continue their search for potential witnesses with relevant knowledge of events that took place over 60 years ago;

3. To allow the County's recently retained outside environmental counsel adequate time to review the voluminous production of documents;

4. To allow the Parties adequate time to prepare their Federal Rule of Civil Procedure 30(b)(6) witnesses for their respective depositions; and

5. To allow the Parties to explore settlement discussions after completing the discovery process.

**C.    Third Amended Pretrial Scheduling Order**

In August 2020, the Parties requested and received an Order (Dkt. 22, 23) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by eight (8) months. The Parties provided the following reasons for an eight-month continuance of deadlines:

1. Challenges that were unforeseen in February 2020, resulting from the COVID-19 pandemic that impacted this country beginning in March, including difficulties in

scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

2. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

3. To allow the Parties to explore settlement discussions after completing discovery.

**D.  Fourth Amended Pretrial Scheduling Order**

In March 2021, the Parties requested and received an Order (Dkt. 27, 28) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

2. Challenges resulting from the continued COVID-19 pandemic that impacted this country beginning in March 2020, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

3. To allow the Parties to explore settlement discussions after completing discovery.

**E.  Fifth Amended Pretrial Scheduling Order**

In August 2021, the Parties requested and received an Order (Dkt. 31, 32) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by ninety (90) days. The Parties provided the following reasons for a ninety-day continuance of deadlines:

///

///

1. To allow the Parties to diligently identify and review the voluminous supplemental production of relevant documents; identify and prepare fact witnesses for deposition; and finalize discovery and evidentiary agreements.

2. To allow the Parties to meet and confer regarding the scope and timing of their respective Fed. R. Civ. Proc. Rule 30(b)(6) depositions.

3. To allow the Parties to explore settlement discussions after completing discovery.

Now, the Parties seek the Court's approval to extend the expert disclosure, rebuttal expert disclosure, and completion of expert discovery deadlines, based on the recent emergency medical development involving the County's selected expert's family that has caused the County's selected lead expert to be unavailable for an indeterminate amount of time. An extension of the deadlines for designation of expert witnesses and expert discovery is required and respectfully requested, for the reasons set forth below.

### STATEMENT OF GOOD CAUSE FOR MODIFYING THE EXISTING EXPERT DISCOVERY DEADLINES

The Parties jointly submit the following statement of good cause in support of their stipulation and request a ninety (90) day extension of the deadline for designation of expert witnesses; a seventy-seven (77) day extension for completion of expert discovery; a thirty-eight (38) day extension to complete expert discovery; and the dispositive motion hearing deadline shall remain December 9, 2022.

A district court has "broad discretion in supervising the pretrial phase of litigation." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); *see also*, Dkt. 16, 6:22-26. The key factors considered in determining good cause are whether the party moving for modification was diligent in trying to complete discovery in a timely manner, and the party's reasons for seeking modification. *Johnson, supra*, 975 F.2d at 609; *C.F., supra,* 654 F.3d at 984; *Tapias v. Mallet & Co.*, 2017 U.S. Dist. LEXIS 144406, at *1-2 (N.D. Cal. Sep. 6, 2017). The district court may modify the pretrial schedule "if it

///

cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson, supra*, 975 F.2d at 609; *Tapia, supra,* 2017 U.S. Dist. LEXIS 144406, at *1.

Generally, courts use a three-step inquiry in assessing diligence for determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Moreover, several cases within the Eastern District of California confirm that illness of a party, attorney, or expert – which impacts the ability to meet a scheduling deadline – constitutes "good cause" to extend or modify the scheduling order. *See, e.g., Martinez-Sanchez,* 2020 U.S. Dist. LEXIS 235754, at *10-12 (delay caused by COVID-19 sufficiently "good cause" to modify scheduling order); *J.A.J. v. Jimenez*, 2021 U.S. Dist. LEXIS 84485, at *4-5 (difficulties caused by expert's deposition limited availability and plaintiff's lead counsel's medical issues justified extension of expert discovery deadline); *Amazing Ins. v. Dimanno*, 2021 U.S. Dist. LEXIS 235453, *3-4 (E.D. Cal. 2021) (severe illness of Plaintiff's counsel, upcoming trial by Defendants' counsel, and Christmas holidays justified three-month extension of fact discovery deadline, initial expert disclosures, supplemental expert disclosures, and dispositive motion deadlines); *Khoua Vang v. City of Sacramento*, 2021 U.S. Dist. LEXIS 120163, *7-8 (E.D. Cal. 2021) (protracted litigation caused by COVID-19 justified extension of scheduling order deadlines); *Terry v. Register Tapes Unlimited*, 2020 U.S. Dist. LEXIS 32990, *2-3 (E.D. Cal. 2020) (although discovery had been "quite drawn out," brain illness of counsel, coupled with potential need to find new counsel, justified extension of rebuttal expert deadline, and prejudice to opposing counsel was minimal); *see also Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.,* 2015 U.S. Dist. LEXIS 186633, *7 (C.D. Cal. 2015), (expert witness was diagnosed with terminal cancer and new expert was needed was a "textbook example of good cause under Rule

16(b)); *and Ortiz v. Vortex Cellular*, 2021 U.S. Dist. LEXIS 22694, *1-2 (C.D. Cal. 2021) ("good cause" to extend expert report deadlines shown where expert witness contracted COVID-19 and could not complete expert report on time).

**A.     The Parties' Efforts to Prepare a Workable Rule 16 Order**

The Parties were diligent in assisting the Court in creating a Rule 16 Order. As mentioned in the prior Stipulation and Orders, the Parties met and conferred, and filed their "Joint Report of Parties' Planning Meeting" on May 16, 2018 (Dkt. 12). From the outset, the Parties recognized that this action would be complex, both factually and legally. The City alleges that waste disposal activities occurred over sixty years ago, from the late 1940s to 1976. The City's asserted contaminant response activities have spanned several decades since the closure of the Landfill, and the City alleges those are ongoing today. The Parties brought claims against one another under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), legislation which has been aptly called an inherently "complex statute with a maze-like structure and baffling language." *ASARCO, LLC v. Celanese Chemical Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015) (citing *California ex. rel. Cal. Dep't. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 663 (9th Cir. 2004)) (internal quotations omitted). Recognizing that this case involved a complex environmental statute, six decades of documentation and potentially numerous witnesses, the Parties requested approximately a year-and-a-half to complete fact discovery. *See* Dkt. 16, p. 14.

The Pretrial Scheduling Order was reasonably calculated to address the complexities of this case, and it was created with the active participation of the Parties. However, as discussed below, the family medical emergency and unexpected unavailability of the County's lead expert witness is the reason for this request.

**B.     Unexpected Unavailability of the County's Lead Expert Witness**

Late in the afternoon on Friday, January 28, 2022, the County learned that its lead expert was at the hospital with his immediate family member, who had been involved in a serious accident. The County was told by the expert that this incident would impact his availability for all of the expert's matters for an indeterminate amount of time and the County might need to find an alternative expert for this case.

The County's expert's family medical emergency, and subsequent unavailability, makes it prejudicial to the County and likely impossible to comply with the March 9th, 2022 deadline (and other deadlines). The County immediately reached out to counsel for the City, seeking an extension of the expert discovery deadlines and the dispositive motion deadline. The Parties promptly met and conferred and have agreed to seek extensions of the expert discovery deadlines. The Parties propose to keep the dispositive motion hearing deadline unchanged: December 9, 2022.

The Parties believe that a ninety (90) day extension of the expert disclosure deadline, and the extension of the remaining expert discovery dates in the Fifth Amended Pretrial Scheduling Order is necessary and appropriate.

**PROPOSED MODIFICATIONS TO THE FIFTH AMENDED PRETRIAL SCHEDULING ORDER**

The Parties propose the following sections of the Amended Pretrial Scheduling Order (Dkt. 18) as amended by the Fifth Amended Pretrial Scheduling Order (Dkt. 32) be amended as follows:

Section V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **June 7, 2022.** By **August 22, 2022**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. All expert discovery shall be completed by **October 14, 2022**.

///
///
///
///
///
///
///
///

Section VI.    <u>MOTION HEARING SCHEDULE</u>

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 9, 2022**, as ordered in the Fifth Amended Pretrial Scheduling Order (Dkt. 32).

Dated: February 16, 2022          HARTMAN KING PC

By: <u>/s/ Alanna Lungren</u>
    JENNIFER HARTMAN KING
    ALANNA LUNGREN
    J. R. PARKER
    ANDREYA WOO NAZAL
Attorneys for Defendant and
Counter-Claimant COUNTY OF PLACER

Dated: February 16, 2022          BROWN & WINTERS

By: <u>/s/ Jeffrey T. Orrell</u> (as authorized on 2/16/22)
    WILLIAM D. BROWN
    JEFFREY T. ORRELL
    JANET MENACHER
Attorneys for Plaintiff and
Counter-Defendant CITY OF LINCOLN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.:  2:18-CV-00087-KJM-AC<br><br>**SIXTH AMENDED PRETRIAL SCHEDULING ORDER** |

Upon consideration of Plaintiff/Counter-Defendant City of Lincoln's ("City") and Defendant/Counter-Claimant County of Placer's ("County") Joint Stipulation Regarding Modification of the Fifth Amended Pretrial Scheduling Order, and finding good cause therefor, the Court hereby amends the Fifth Amended Pretrial Scheduling Order (Dkt. 32) as follows:

Section V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **June 7, 2022**. By **August 22, 2022,** any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. All expert discovery shall be completed by **October 14, 2022**.

///
///
///
///
///
///
///

Section VI.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 9, 2022,** as ordered in the Fifth Amended Pretrial Scheduling Order (Dkt. 32).

**IT IS SO ORDERED.**

DATED:  March 1, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

00050506.1                              - 10 -
JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE FIFTH AMENDED PRETRIAL SCHEDULING ORDER