OFFICE OF THE PLACER COUNTY COUNSEL
GREGORY S. WARNER (SBN 282490)
ERIC C. BRUMFIELD (SBN 306642)
175 Fulweiler Avenue
Auburn, California 95603
Telephone: (530) 889-4044
Facsimile: (530) 889-4069
Email:  GWarner@placer.ca.gov
        EBrumfield@placer.ca.gov

JENNIFER HARTMAN KING (SBN 211313)
ALANNA LUNGREN (SBN 269668)
J. R. PARKER (SBN 320526)
ANDREYA WOO NAZAL (SBN 327651)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone: (916) 379-7530
Facsimile: (916) 379-7535
Email:  JHartmanKing@HartmanKingLaw.com
        ALungren@HartmanKingLaw.com
        JRParker@HartmanKingLaw.com
        AWooNazal@HartmanKingLaw.com

Attorneys for Defendant and Counterclaimant
COUNTY OF PLACER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>             Plaintiff,<br><br>     v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>             Defendants.<br>_____<br><br>AND RELATED COUNTER CLAIMS. | Case No.:  2:18-CV-00087-KJM-AC<br><br>**JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SIXTH AMENDED PRETRIAL SCHEDULING ORDER** |

00055367.1

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SIXTH AMENDED PRETRIAL SCHEDULING ORDER

The parties to this action, Plaintiff/Counter-Defendant City of Lincoln ("City") and Defendant/Counterclaimant County of Placer ("County") (hereinafter collectively, "Parties"), have met and conferred and hereby jointly and respectfully request that the Court modify the Sixth Amended Pretrial Scheduling Order (Dkt. 45) to allow an extension of the expert witness discovery deadline of October 14, 2022, by fourteen (14) days to **October 28, 2022.** The parties also jointly request an extension of the December 9, 2022 dispositive motion hearing deadline, by seventy (70) days to **February 17, 2023**. The parties also agree to a stay on filing any dispositive motions until after **January 1, 2023**.

The Parties jointly submit the following summary of previous modifications to the deadlines in the scheduling orders and a statement of good cause in support of their instant request.

**PREVIOUS MODIFICATIONS TO THE PRETRIAL SCHEDULING ORDER**

**A.     First Amended Pretrial Scheduling Order**

In November 2019, the Parties requested and received an Order (Dkt. 17, 18) extending the deadline for fact discovery in this matter from December 16, 2019, to March 9, 2020. The Parties provided the following reasons for that initial 12-week extension of the fact discovery deadline:

1. To allow the City to complete its review and voluntary production to the County of select documents from the voluminous County Archive documents;

2. To allow the City to complete its sixth voluntary production (consisting of approximately 1,600 pages that the City copied from County archives, and approximately 3,500 pages of additional supplemental information that City's counsel obtained from publicly available locations);

3. To allow the Parties to determine whether there are additional percipient witnesses, locate those witnesses and interview them, with the goal of taking depositions;

4. To allow the Parties to conduct any further written discovery arising from their review of the County Archive documents;

///
///
///

5.   To allow the Parties to have a full opportunity to meet and confer, narrow the scope of their Rule 30(b)(6) deposition notices, and hopefully ease the burden on their respective public entity employees/representatives; and

6.   To possibly aid in the mediation and settlement process, by further eliminating factual disputes related to the Parties' alleged contribution to conditions at the Landfill and their respective liability, if any, therefore.

**B.   Second Amended Pretrial Scheduling Order**

In February 2020, the Parties requested and received an Order (Dkt. 20, 21) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1.   To allow the Parties to continue their meet and confer efforts and complete fact and expert discovery in a timely manner;

2.   To allow the Parties to continue their search for potential witnesses with relevant knowledge of events that took place over 60 years ago;

3.   To allow the County's recently retained outside environmental counsel adequate time to review the voluminous production of documents;

4.   To allow the Parties adequate time to prepare their Federal Rule of Civil Procedure 30(b)(6) witnesses for their respective depositions; and

5.   To allow the Parties to explore settlement discussions after completing the discovery process.

**C.   Third Amended Pretrial Scheduling Order**

In August 2020, the Parties requested and received an Order (Dkt. 22, 23) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by eight (8) months. The Parties provided the following reasons for an eight-month continuance of deadlines:

1.   Challenges that were unforeseen in February 2020, resulting from the COVID-19 pandemic that impacted this country beginning in March, including difficulties in

scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

2. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

3. To allow the Parties to explore settlement discussions after completing discovery.

**D.  Fourth Amended Pretrial Scheduling Order**

In March 2021, the Parties requested and received an Order (Dkt. 27, 28) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1. To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

2. Challenges resulting from the continued COVID-19 pandemic that impacted this country beginning in March 2020, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

3. To allow the Parties to explore settlement discussions after completing discovery.

**E.  Fifth Amended Pretrial Scheduling Order**

In August 2021, the Parties requested and received an Order (Dkt. 31, 32) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by ninety (90) days. The Parties provided the following reasons for a ninety-day continuance of deadlines:

///

///

1. To allow the Parties to diligently identify and review the voluminous supplemental production of relevant documents; identify and prepare fact witnesses for deposition; and finalize discovery and evidentiary agreements.
2. To allow the Parties to meet and confer regarding the scope and timing of their respective Fed. R. Civ. Proc. Rule 30(b)(6) depositions.
3. To allow the Parties to explore settlement discussions after completing discovery.

**F.   Sixth Amended Pretrial Scheduling Order**

In March 2022, the Parties requested and received an Order (Dkt. 45) continuing the deadlines for designation of expert witnesses by ninety (90) days to June 7, 2022, and an extension of the deadline to exchange rebuttal lists of expert witnesses was extended by seventy-seven (77) days to August 22, 2022. The deadline to conclude expert discovery was extended by thirty-eight (38) days to October 14, 2022. Our dispositive motion deadline remained December 9, 2022. The Parties provided the following reasons for the requested continuance:

1. The County's lead expert was at the hospital with his immediate family member, who had been involved in a serious accident. The County was informed that this situation would impact his availability for all of the expert's matters for an indeterminate amount of time.

Now, the Parties seek the Court's approval to extend the completion of expert discovery and dispositive motion hearing deadlines, based upon the unavailability of the County's lead expert and one of the City's experts for deposition before the current expert discovery deadline expires. An extension of the deadlines for expert discovery and dispositive motion related deadlines is required and respectfully requested, for the reasons set forth below.

**STATEMENT OF GOOD CAUSE FOR MODIFYING THE EXISTING EXPERT DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

The Parties jointly submit the following statement of good cause in support of their stipulation and request a fourteen (14) day extension for completion of expert discovery; a seventy (70) day extension for the dispositive motion hearing deadline; and a stay until after January 1, 2023, for the parties to file any dispositive motions.

A district court has "broad discretion in supervising the pretrial phase of litigation." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); *see also*, Dkt. 16, 6:22-26. The key factors considered in determining good cause are whether the party moving for modification was diligent in trying to complete discovery in a timely manner, and the party's reasons for seeking modification. *Johnson, supra*, 975 F.2d at 609; *C.F., supra,* 654 F.3d at 984; *Tapias v. Mallet & Co*., 2017 U.S. Dist. LEXIS 144406, at *1-2 (N.D. Cal. Sep. 6, 2017). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, *supra*, 975 F.2d at 609; *Tapia, supra,* 2017 U.S. Dist. LEXIS 144406, at *1.

Generally, courts use a three-step inquiry in assessing diligence for determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

**A.    The Parties' Efforts to Prepare a Workable Rule 16 Order**

The Parties were diligent in assisting the Court in creating a Rule 16 Order. As mentioned in the prior Stipulation and Orders, the Parties met and conferred, and filed their "Joint Report of Parties' Planning Meeting" on May 16, 2018 (Dkt. 12). From the outset, the Parties recognized that this action would be complex, both factually and legally. The City alleges that waste disposal activities occurred over sixty years ago, from the late 1940s to 1976. The City's asserted contaminant response activities have spanned several decades since the closure of the Landfill, and the City alleges those are ongoing today. The Parties brought claims against one another under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), legislation which has been aptly called an inherently "complex statute with a maze-like structure and baffling

language." *ASARCO, LLC v. Celanese Chemical Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015) (citing *California ex. rel. Cal. Dep't. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 663 (9th Cir. 2004)) (internal quotations omitted). Recognizing that this case involved a complex environmental statute, six decades of documentation and potentially numerous witnesses, the Parties requested approximately a year-and-a-half to complete fact discovery. *See* Dkt. 16, p. 14.

The Pretrial Scheduling Order was reasonably calculated to address the complexities of this case, and it was created with the active participation of the Parties. However, as discussed below, the unavailability of the City and County's expert witnesses is the reason for this request.

**B.   Unavailability of City's and County's Expert Witnesses for Depositions before Current Expert Witness Discovery Deadline Expires**

The parties believe it is reasonable and necessary to extend the expert discovery deadline to accommodate their respective expert witnesses' unavailability. The City's expert is not available for deposition due to travel plans during the months of September and October and is not expected to be available for deposition until mid-October, after the current expert discovery cutoff. The County's expert is unavailable for deposition prior to the current expert discovery deadline due to the scheduling of two trials. Both the City's expert and the County's expert referenced above, are available for deposition after the current expert discovery cutoff and the parties are conferring regarding mutually agreeable deposition dates for the respective experts' depositions that will allow the parties to complete all expert depositions by October 28, 2022, should the Court grant the parties' extension request.

Based on the parties' respective experts' scheduling conflicts and the impact on the expert discovery and dispositive motion hearing deadlines, the parties have agreed to seek extensions of the expert discovery and dispositive motion deadlines. The parties have also agreed to a stay on filing any dispositive motions until after January 1, 2023.

**PROPOSED MODIFICATIONS TO THE SIXTH AMENDED PRETRIAL SCHEDULING ORDER**

The Parties propose the following sections of the Amended Pretrial Scheduling Order (Dkt. 18) as amended by the Sixth Amended Pretrial Scheduling Order (Dkt. 45) be amended as follows:

///

Section V.    DISCLOSURE OF EXPERT WITNESSES

All expert discovery shall be completed by **October 28, 2022**.

Section VI.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **February 17, 2023**, as ordered in the Sixth Amended Pretrial Scheduling Order (Dkt. 45). Dispositive motions shall not be filed by the parties until after **January 1, 2023.**

Dated: September 15, 2022              HARTMAN KING PC

By: */s/Jennifer Hartman King*
    JENNIFER HARTMAN KING
    ALANNA LUNGREN
    J. R. PARKER
    ANDREYA WOO NAZAL
Attorneys for Defendant and
Counterclaimant COUNTY OF PLACER

Dated: September 15, 2022              BROWN & WINTERS

By: */s/ Jeffrey T. Orrell* (as authorized on 9/15/22)
    WILLIAM D. BROWN
    JEFFREY T. ORRELL
    JANET MENACHER
Attorneys for Plaintiff and
Counter-Defendant CITY OF LINCOLN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:  2:18-CV-00087-KJM-AC<br><br>**SIXTH AMENDED PRETRIAL SCHEDULING ORDER** |

Upon consideration of Plaintiff/Counter-Defendant City of Lincoln's ("City") and Defendant/Counterclaimant County of Placer's ("County") Joint Stipulation Regarding Modification of the Sixth Amended Pretrial Scheduling Order, and finding good cause therefor, the Court hereby amends the Sixth Amended Pretrial Scheduling Order (Dkt. 45) as follows:

Section V.    DISCLOSURE OF EXPERT WITNESSES

All expert discovery shall be completed by **October 28, 2022**.

Section VI.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **February 17, 2023,** as ordered in the Seventh Amended Pretrial Scheduling Order. Dispositive motions shall not be filed by the parties until after **January 1, 2023.**

**IT IS SO ORDERED.**

DATED:   September 28, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE