KRISTINE L. MOLLENKOPF (SBN 185914)
kristine.mollenkopf@lincolnca.gov
City of Lincoln, City Attorney's Office
600 Sixth Street
Lincoln, CA  95648
Tel: (916) 434-2428

William D. Brown (SBN 125468)
bbrown@brownandwinters.com
Jeffrey T. Orrell (SBN 237581)
jorrell@brownandwinters.com
Janet Menacher (SBN 291365)
jmenacher@brownandwinters.com
Charles D. Grosenick (SBN 317715)
cgrosenick@brownandwinters.com
Brown & Winters
2533 South Coast Highway, Suite 270
Cardiff-by-the-Sea, CA 92007-2133
Tel: 760-633-4485/Fax: 760-633-4427

Attorneys for Plaintiff/Counter-Defendant CITY OF LINCOLN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF LINCOLN,<br><br>       Plaintiff,<br><br>    v.<br><br>COUNTY OF PLACER; and DOES 1 through 100, inclusive,<br><br>       Defendants.<br>_____<br><br>AND RELATED COUNTER CLAIMS. | Case No.:  2:18-CV-00087-KJM-AC<br><br>**JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL SCHEDULING ORDER AND EXTENSION OF TIME TO FILE THE CITY OF LINCOLN'S OPPOSITIONS TO THE COUNTY OF PLACER'S MOTIONS FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES**<br><br>Current Summary Judgment Hearing:<br>March 10, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Kimberly J. Mueller<br>Courtroom: 3 |

00058155.1

1  The parties to this action, Plaintiff/Counter-Defendant City of Lincoln ("City") and

2  Defendant/Counter-Claimant County of Placer ("County") (hereinafter collectively, "Parties"), have met

3  and conferred and hereby jointly and respectfully request that the Court modify the Seventh Amended

4  Pretrial Scheduling Order (Dkt. 64) to allow an extension of the dispositive motion hearing deadline

5  solely with respect to the County's pending Motions for Summary Judgment (Dkt. 78, 79) by forty-two

6  (42) days to **March 31, 2023**.[1]

7  In addition, the Parties respectfully request that the Court grant the following extensions of time

8  for filing the oppositions and the replies to the County's Motions for Summary Judgment:

9  1.  The City may file its Oppositions to the County's Motions for Summary Judgment on or before

10  **February 10, 2023**;

11  2.  The County may file its Replies to the City's Oppositions to the County's Motions for Summary

12  Judgment on or before **March 2, 2023**.

13  The Parties jointly submit the following summary of previous modifications to the deadlines in

14  the scheduling orders and a statement of good cause in support of their instant request.

15  **PREVIOUS MODIFICATIONS TO THE PRETRIAL SCHEDULING ORDER**

16  **A.  First Amended Pretrial Scheduling Order**

17  In November 2019, the Parties requested and received an Order (Dkt. 17, 18) extending the

18  deadline for fact discovery in this matter from December 16, 2019, to March 9, 2020. The Parties

19  provided the following reasons for that initial 12-week extension of the fact discovery deadline:

20  1.  To allow the City to complete its review and voluntary production to the County of select

21  documents from the voluminous County Archive documents;

22  2.  To allow the City to complete its sixth voluntary production (consisting of approximately

23  1,600 pages that the City copied from County archives, and approximately 3,500 pages

24

25  [1] On January 17, 2023, on its own motion, the Court reset the hearing on the County's Motions for Summary Judgment from February 17, 2023, to March 10, 2023. (Dkt. 80.) This continued hearing date is within the proposed extension of time for these Motions to be heard; however, if the Court wishes to reset the hearing to a date between March 10, 2023, and March 31, 2023, the Parties would have no objections.

26

27

28

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL
SCHEDULING ORDER AND EXTENSION OF TIME TO FILE THE CITY OF LINCOLN'S OPPOSITIONS TO THE
COUNTY OF PLACER'S MOTIONS FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES

of additional supplemental information that City's counsel obtained from publicly available locations);

3.   To allow the Parties to determine whether there are additional percipient witnesses, locate those witnesses and interview them, with the goal of taking depositions;

4.   To allow the Parties to conduct any further written discovery arising from their review of the County Archive documents;

5.   To allow the Parties to have a full opportunity to meet and confer, narrow the scope of their Rule 30(b)(6) deposition notices, and hopefully ease the burden on their respective public entity employees/representatives; and

6.   To possibly aid in the mediation and settlement process, by further eliminating factual disputes related to the Parties' alleged contribution to conditions at the Landfill and their respective liability, if any, therefore.

**B.   Second Amended Pretrial Scheduling Order**

In February 2020, the Parties requested and received an Order (Dkt. 20, 21) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1.   To allow the Parties to continue their meet and confer efforts and complete fact and expert discovery in a timely manner;

2.   To allow the Parties to continue their search for potential witnesses with relevant knowledge of events that took place over 60 years ago;

3.   To allow the County's recently retained outside environmental counsel adequate time to review the voluminous production of documents;

4.   To allow the Parties adequate time to prepare their Federal Rule of Civil Procedure 30(b)(6) witnesses for their respective depositions; and

5.   To allow the Parties to explore settlement discussions after completing the discovery process.

///

**C.     Third Amended Pretrial Scheduling Order**

In August 2020, the Parties requested and received an Order (Dkt. 22, 23) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by eight (8) months. The Parties provided the following reasons for an eight-month continuance of deadlines:

1.     Challenges that were unforeseen in February 2020, resulting from the COVID-19 pandemic that impacted this country beginning in March, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

2.     To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

3.     To allow the Parties to explore settlement discussions after completing discovery.

**D.     Fourth Amended Pretrial Scheduling Order**

In March 2021, the Parties requested and received an Order (Dkt. 27, 28) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by six (6) months. The Parties provided the following reasons for a six-month continuance of deadlines:

1.     To allow the Parties to continue their meet and confer efforts to finalize various discovery and evidentiary authentication agreements, with the goal of streamlining evidentiary presentations at trial;

2.     Challenges resulting from the continued COVID-19 pandemic that impacted this country beginning in March 2020, including difficulties in scheduling and preparing government employees for deposition, as they were required to work remotely, and difficulties in taking such depositions remotely, in light of the document-intensive nature of said depositions;

///

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL SCHEDULING ORDER AND EXTENSION OF TIME TO FILE CITY'S OPPOSITIONS TO THE COUNTY'S MOTIONS FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES

3.      To allow the Parties to explore settlement discussions after completing discovery.

**E.      Fifth Amended Pretrial Scheduling Order**

In August 2021, the Parties requested and received an Order (Dkt. 31, 32) continuing the deadlines for fact discovery, designation of expert witnesses, expert discovery and dispositive motions in this matter by ninety (90) days. The Parties provided the following reasons for a ninety-day continuance of deadlines:

1.      To allow the Parties to diligently identify and review the voluminous supplemental production of relevant documents; identify and prepare fact witnesses for deposition; and finalize discovery and evidentiary agreements.

2.      To allow the Parties to meet and confer regarding the scope and timing of their respective Fed. R. Civ. Proc. Rule 30(b)(6) depositions.

3.      To allow the Parties to explore settlement discussions after completing discovery.

**F.      Sixth Amended Pretrial Scheduling Order**

In March 2022, the Parties requested and received an Order (Dkt. 45) continuing the deadlines for designation of expert witnesses by ninety (90) days to June 7, 2022, and an extension of the deadline to exchange rebuttal lists of expert witnesses by seventy-seven (77) days to August 22, 2022**.** The deadline to conclude expert discovery was extended by thirty-eight (38) days to October 14, 2022. Our dispositive motion deadline remained December 9, 2022. The Parties provided the following reasons for the requested continuance:

1.      The County's lead expert is at the hospital with his immediate family member, who had been involved in a serious accident. The County was informed that this situation would impact his availability for all of the expert's matters for an indeterminate amount of time.

**G.      Seventh Amended Pretrial Scheduling Order**

In September 2022, the Parties requested and received an Order (Dkt. 64) continuing the deadlines for expert discovery by fourteen (14) days to October 28, 2022, and an extension of the dispositive motion hearing deadline by seventy (70) days to February 17, 2023 – as well as a stay on filing any dispositive motions until after January 1, 2023. The Parties provided the following reasons for the requested continuance:

- 4 -

1     1.      One of the City's experts was not available for deposition due to prescheduled overseas

2    travel plans during the months of September and October and was not expected to be available

3    for deposition until mid-October, after the current expert discovery cutoff.

4     2.      The County's expert was unavailable for deposition prior to the expert discovery deadline

5    due to the scheduling of two trials.

6     3.      Both experts were available for deposition shortly after the October 14, 2022 expert

7    discovery cutoff.

8         Now, the Parties seek the Court's approval to extend the dispositive motion hearing deadline

9 solely with respect to the County's pending Motions for Summary Judgment (Dkt. 78, 79) to March 31,

10 2023, based on the agreement between the Parties to seek additional time for the City to file its

11 Oppositions and the County to file its Replies to the County's two Motions for Summary Judgment,

12 subject to Court approval. The Parties agree that good cause exists for this extension due to the

13 complexity of this environmental litigation and the large volume of records involved in the case,

14 spanning seven decades or more. This agreement upon filing dates would extend the deadline for the

15 County's Replies to a date after the current dispositive motion hearing deadline of February 17, 2023.

16 An extension of the dispositive motion hearing deadline solely with respect to the County's pending

17 Motions for Summary Judgment and time to oppose and to reply to those Motions for Summary

18 Judgment is respectfully requested, for the reasons set forth below.

**STATEMENT OF GOOD CAUSE FOR MODIFYING THE DISPOSITIVE MOTION**
19
**HEARING DEADLINE SOLELY WITH RESPECT TO THE COUNTY'S PENDING**
20
**MOTIONS FOR SUMMARY JUDGMENT AND THE BRIEFING SCHEDULE RELATED**
21
**THERETO**

22         The Parties jointly submit the following statement of good cause in support of their stipulation

23 and request a forty-two (42) day extension of the dispositive motion hearing deadline solely with respect

24 to the County's pending Motions for Summary Judgment (Dkt. 78, 79) and an extension of the time

25 allotted under Local Rule 230 to file the Oppositions [fourteen (14) day extension] and Replies [ten (10)

26 day extension] to the County's two Motions for Summary Judgment.

27         A district court has "broad discretion in supervising the pretrial phase of litigation." *C.F. v.*

28 *Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). A scheduling order may be modified

"for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); *see also*, Dkt. 16, 6:22-26. The key factors considered in determining good cause are whether the party moving for modification was diligent in trying to complete discovery in a timely manner, and the party's reasons for seeking modification. *Johnson, supra*, 975 F.2d at 609; *C.F., supra,* 654 F.3d at 984; *Tapias v. Mallet & Co.*, 2017 U.S. Dist. LEXIS 144406, at \*1-2 (N.D. Cal. Sep. 6, 2017). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson, supra*, 975 F.2d at 609; *Tapia, supra,* 2017 U.S. Dist. LEXIS 144406, at \*1.

A three-step inquiry may be applied in assessing diligence for determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [they were] diligent in assisting the Court in creating a workable Rule 16 order; (2) that [their] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [their] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [they were] diligent in seeking amendment of the Rule 16 order, once it became apparent that [they] could not comply with the order.

*Grant v. United States*, 2011 U.S. Dist. LEXIS 131662, at \*14 (E.D. Cal. Nov. 14, 2011) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

## A.     The Parties' Efforts to Prepare a Workable Rule 16 Order

The Parties were diligent in assisting the Court in creating a Rule 16 Order. As mentioned in the prior Stipulation and Orders, the Parties met and conferred, and filed their "Joint Report of Parties' Planning Meeting" on May 16, 2018 (Dkt. 12). From the outset, the Parties recognized that this action would be complex, both factually and legally. The City alleges that waste disposal activities occurred over sixty years ago, from the late 1940s to 1976. The City's asserted contaminant response activities have spanned several decades since the closure of the Landfill, and the City alleges those are ongoing today.

  The Parties brought claims against one another under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), legislation which has been aptly called an inherently "complex statute with a maze-like structure and baffling language." *ASARCO, LLC v.*

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL
SCHEDULING ORDER AND EXTENSION OF TIME TO FILE CITY'S OPPOSITIONS TO THE COUNTY'S MOTIONS
FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES

1  *Celanese Chemical Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015) (citing *California ex. rel. Cal. Dep't. of*

2  *Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 663 (9th Cir. 2004)) (internal quotations

3  omitted). Recognizing that this case involved a complex environmental statute, six decades of

4  documentation and potentially numerous witnesses, the Parties requested approximately a year-and-a-

5  half to complete fact discovery. *See* Dkt. 16, p. 14.

6  The Pretrial Scheduling Order was reasonably calculated to address the complexities of this case,

7  and it was created with the active participation of the Parties. However, as discussed below, both the

8  complexity of this environmental litigation, in addition to the large volume of records involved in the

9  case, justify this request.

10  **B.   The County's Two Motions for Summary Judgment**

11  The Parties agree that this is a complex environmental case covering approximately two-and-a-

12  half decades of historical operations, nearly five decades of post-closure operations and regulatory files,

13  and hundreds of thousands of pages of documents produced in discovery. The County filed its two

14  Motions for Summary Judgment – one addressing the City's First Amended Complaint, and one

15  addressing the County's CERCLA section 113 Counterclaim on January 13, 2023.  Eastern District of

16  California Local Rule 230(c) sets the deadline for filing an opposition to a motion at fourteen days.

17  Local Rule 230(d) sets the deadline for filing a reply to an opposition to a motion at ten days.

18  The Parties have met and conferred and agreed to request an extension of the City's deadline to

19  oppose the County's Motions for Summary Judgment and to request a proportionate extension of the

20  County's deadlines to reply to provide the Parties with sufficient time to fully present their legal

21  positions, facts and supporting evidence to the County's two Motions for Summary Judgment. As such,

22  the Parties agree and respectfully request that the City's Oppositions to the County's Motions for

23  Summary Judgment be extended by fourteen (14) days to February 10, 2023, and the County's Replies

24  to the City's Oppositions be extended by ten (10) days to March 2, 2023. Assuming the Court agrees to

25  these relatively brief extensions, the County's Replies would be due after the current dispositive motion

26  hearing deadline of February 17, 2023.

27  Based upon the foregoing, the Parties have agreed to jointly request an extension of the

28  dispositive motion deadline solely with respect to the County's pending Motions for Summary Judgment

- 7 -

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL
SCHEDULING ORDER AND EXTENSION OF TIME TO FILE CITY'S OPPOSITIONS TO THE COUNTY'S MOTIONS
FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES

(Dkt. 78, 79), as well as extensions of the deadline to file Oppositions and Replies in relation to the County's Motions for Summary Judgment.

**PROPOSED MODIFICATIONS OF TIME TO OPPOSE AND REPLY IN RELATION TO THE COUNTY'S MOTIONS FOR SUMMARY JUDGMENT**

The Parties hereby stipulate to and respectfully request that the Court approve, pursuant to Local Rule 144, the following:

1. The City may file its Oppositions to the County's Motions for Summary Judgment on or before February 10, 2023;

2. The County may file its Replies to the City's Oppositions to the County's Motions for Summary Judgment on or before March 2, 2023.

**PROPOSED MODIFICATIONS TO THE SEVENTH AMENDED PRETRIAL SCHEDULING ORDER**

The Parties propose that, and respectfully request that the Court approve, the following sections of the Amended Pretrial Scheduling Order (Dkt. 18) as amended by the Seventh Amended Pretrial Scheduling Order (Dkt. 64) be amended as follows:

Section VI.      MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **February 17, 2023**; however, this deadline shall not apply to the County's pending Motions for Summary Judgment (Dkt. 78, 79), which shall be heard no later than **March 31, 2023**.

Dated: January 18, 2023                          BROWN & WINTERS

                                                 By: /s/ *Charles D. Grosenick*
                                                     WILLIAM D. BROWN
                                                     JEFFREY T. ORRELL
                                                     JANET MENACHER
                                                     CHARLES D. GROSENICK
                                                     Attorneys for Plaintiff and Counter-Defendant
                                                     CITY OF LINCOLN

///

///

- 8 -

1    Dated: January 18, 2023                HARTMAN KING PC

2

3                                           By: */s/Jennifer Hartman King (authorized on 1/18/23)*
                                                JENNIFER HARTMAN KING
                                                ALANNA LUNGREN
4                                               WILLIAM D. MARSH
                                                J. R. PARKER
5                                                ANDREYA WOO NAZAL
                                                Attorneys for Defendant and
6                                               Counterclaimant COUNTY OF PLACER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   CITY OF LINCOLN,                          Case No.:  2:18-CV-00087-KJM-AC

12              Plaintiff,
                                               **EIGHTH AMENDED PRETRIAL**
13        v.                                   **SCHEDULING ORDER AND ORDER**
                                               **TO EXTEND THE FILING TIME FOR**
14   COUNTY OF PLACER; and DOES 1              **THE CITY OF LINCOLN'S**
     through 100, inclusive,                   **OPPOSITIONS TO COUNTY OF**
15                                             **PLACER'S MOTIONS FOR SUMMARY**
              Defendants.                      **JUDGMENT AND THE COUNTY OF**
16                                             **PLACER'S REPLIES**

17

18        Upon consideration of Plaintiff/Counter-Defendant City of Lincoln's ("City") and

19   Defendant/Counterclaimant County of Placer's ("County") Stipulation And Order to Modify the

20   Seventh Amended Pretrial Scheduling Order and to Extend Time for the filing of the City's Oppositions

21   and the County's Replies in relation to the County's Motions for Summary Judgment, and finding good

22   cause therefor, the Court hereby amends the Seventh Amended Pretrial Scheduling Order (Dkt. 64) as

23   follows:

24        **Section VI.    MOTION HEARING SCHEDULE**

25        All dispositive motions, except motions for continuances, temporary restraining orders or other

26   emergency applications, shall be heard no later than **February 17, 2023**; however, this deadline shall

27   not apply to the County's pending Motions for Summary Judgment (Dkt. 78, 79), which shall be heard

28   no later than **March 31, 2023.**  Moreover, the Court orders that:

JOINT STIPULATION AND ORDER REGARDING MODIFICATION OF THE SEVENTH AMENDED PRETRIAL
SCHEDULING ORDER AND EXTENSION OF TIME TO FILE CITY'S OPPOSITIONS TO THE COUNTY'S MOTIONS
FOR SUMMARY JUDGMENT AND THE COUNTY OF PLACER'S REPLIES

1. The City may file its Oppositions to the County's Motions for Summary Judgment (Dkt. 78, 79) on or before February 10, 2023; and

2. The County may file its Replies to the City's Oppositions to the County's Motions for Summary Judgment (Dkt. 78, 79) on or before March 2, 2023.

   **IT IS SO ORDERED.**

DATED: January 23, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

- 11 -